UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LAKESHORE VILLAGE LLC,          )
                                )
            Plaintiff,          )
                                )
        v.                      )   Case No. 2:06 CV 403
                                )
DONALD LATULIP,                 )
                                )
            Defendant.          )


## Opinion and Order

    This matter is before the court *sua sponte*. For the reasons
set forth below, the third-party defendant, Town of Cedar Lake,
is **ORDERED** to file a jurisdictional statement within 30 days of
this order.


## Background

    On September 20, 2006, the plaintiff, Lakeshore Village LLC,
which sought to develop property in Cedar Lake, Indiana, filed a
complaint in Lake County Superior Court seeking to "quiet title
and enjoin and prohibit trepass" (sic) regarding this property.
On November 14, 2007, the defendant, Donald LaTulip, who owned
property adjacent to Lakeshore's parcel, filed a counterclaim and
a third-party complaint and, two days later, amended this
pleading.

    No answer was filed, however, in this pleading,  LaTulip

1

alleged that Lakeshore had trespassed upon his property and had
begun development of the property without necessary regulatory
permits. LaTulip further alleged in his counterclaim that
Lakeshore "provided certain perks" to municipal officials, and,
through actions taken in conjunction with these officials,
"LaTulip has been deprived of his civil rights under color of
state law." Amended Counterclaim, ¶¶ 8-10. In a separate count,
LaTulip charged that the Cedar Point police "refused to preserve
his property" and threatened his family in violation of some
unspecified federal law pursuant to 42 U.S.C § 1983 and,
generally, in violation of the Indiana Constitution. On December
4, 2006, the third-party defendants removed this matter on the
basis of 28 U.S.C. § 1441.


<u>Discussion</u>

The court has an "independent duty to satisfy itself that it
has subject-matter jurisdiction." *Hammes v. AAMCO Transmission,
Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *Wisconsin Knife Works v.
National Metal Crafters* 781 F.2d 1280, 1282 (7th Cir., 1986)
("The first thing a federal judge should do when a complaint is
filed is check to see that federal jurisdiction is properly
alleged.") In this instance, the Cedar Lake defendants base
removal on 28 U.S.C §1441(a) which provides that "any civil
action brought in a State court of which the district courts of

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Most circuits regard the statute's reference to "defendants" in a narrow manner that does not include third-party defendants. *See e.g. **Starr v. Prairie Harbor Development Company, Inc.**,* 900 F.Supp. 230, 231 (E.D. Wis., 1995). The Seventh Circuit has been clear upon this point. *See **Prairie Harbor**,* 900 F.Supp. at 231 (*quoting **Thomas v. Shelton**,* 740 F.2d 478, 486-489 (7th Cir., 1984)("[I]n the broad run of third-party cases...the third-party defendant cannot remove the case.").

The pleadings in this matter, most notably the third-party complaint, cast considerable doubt over the court's exercise of subject matter jurisdiction. First, under the comparable state and federal procedural rules, it is not clear that the Town of Cedar Lake, by virtue of its police department, is a proper third-party defendant. Both Federal Rule of Civil Procedure 14 and Indiana Trial Procedure Rule 14 permit adding a third-party defendant who "may be liable to [the defendant] for all or part of the plaintiff's claim against him." The complaint provides no basis for concluding that the Cedar Lake Police are potentially liable to LaTulip in response to Lakeshore's quiet title action. *See **Prairie Harbor Development Co., Inc**.*  900 F.Supp. at 232

3

("The third-party complaint filed here raises claims for direct injury to the Original Defendants and does not allege, or even imply, that Third-Party Defendants may be responsible for the Original Defendants liability (if any) to the plaintiff.")

More importantly, the presence of a federal question exists (if at all) only in the counterclaim and so-called third-party claim. Neither serves as a basis for federal jurisdiction. Federal question jurisdiction under 28 U.S.C § 1331 is measured according to the allegations of a well-pleaded complaint. *See Adkins v. Illinois Central Railroad Company*, 326 F.3d 828, 835-836 (7th Cir. 2003)("If the plaintiff's well-pleaded complaint is not based on a federal question, there is no §1331 jurisdiction.") This conclusion is not altered by the presence of alleged federal violations in the counterclaim or third-party claim. *See Adkins*, 326 F.3d at 836 *(quoting Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 832, 122 S.Ct. 1889, 1894, 153 L.Ed.2d 13 (2002) ("To allow even a compulsory counterclaim (which arguably presented a stronger case for jurisdiction than a permissive counterclaim or a permissive third-party action like the one before us) to govern jurisdiction would potentially defeat the plaintiff's choice of forum and 'radically expand the class of removable cases.'"); *see also* 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3731, p. 254-255 (3d ed.1998).

Both the lack of subject matter jurisdiction over the complaint and the fact of removal by the third-party defendant, appear to defeat this court's exercise of jurisdiction. Accordingly, the Cedar Lake defendants are **ORDERED** to file within 30 days of the entry of this order a jurisdictional statement describing why this matter should not be remanded for lack of subject matter jurisdiction.

      ENTERED This 21 July, 2008


                        /s/ Andrew P. Rodovich
                        United States Magistrate Judge