```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


LAKESHORE VILLAGE LLC,            )
                                  )
          Plaintiff               )
                                  )
     v.                           )  Case No. 2:06 cv 403
                                  )
DONALD LaTULIP,                   )
                                  )
          Defendant               )
******************************)
DONALD LaTULIP,                   )
                                  )
          Counter Claimant        )
                                  )
     v.                           )
                                  )
LAKESHORE VILLAGE LLC,            )
                                  )
          Counter Defendant       )
******************************)
DONALD LaTULIP,                   )
                                  )
          Third Party Plaintiff   )
                                  )
     v.                           )
                                  )
CEDAR LAKE POLICE DEPARTMENT,     )
TOWN OF CEDAR LAKE, WPM LLC,      )
                                  )
          Third Party Defendants  )
```

## OPINION AND ORDER

This matter is before the court on the third-party defendants' Jurisdictional Statement (DE 40) filed August 19, 2008 in response to this court's order of July 21, 2008 and on the third-party defendants' Motion for Leave to Amend the Notice of Removal (DE 39) filed August 19, 2008. After review of the Jurisdic-

tional Statement, the court **DENIES AS MOOT** the Motion for Leave to Amend the Notice of Removal and **REMANDS** this case to the state court for lack of federal jurisdiction.

## Background

On September 20, 2006, the plaintiff, Lakeshore Village LLC ("Lakeshore"), filed a complaint in Lake County Superior Court seeking to "quiet title and enjoin and prohibit tre[s]pass" regarding property it attempted to develop in Cedar Lake, Indiana. On November 14, 2007, the defendant, Donald LaTulip, who owned property adjacent to Lakeshore's parcel, filed a counterclaim and a third-party complaint, then amended this pleading two days later.

No answer was filed to LaTulip's pleading, but he alleged that Lakeshore had trespassed upon his property and had begun development of the property without the necessary regulatory permits. LaTulip further alleged in his counterclaim that Lakeshore "provided certain perks" to municipal officials, and through actions taken in conjunction with these officials, "LaTulip has been deprived of his civil rights under color of state law." (Amended Counterclaim, ¶¶ 8-10) In a separate count, LaTulip charged that the Cedar Lake police "refused to preserve [his] property" and threatened his family in violation of some unspecified federal law pursuant to 42 U.S.C. § 1983 and, generally, in violation of the Indiana Constitution. (Amended Counterclaim, ¶ 26) On December 4, 2006, the third-party defen-

dants, Cedar Lake and Cedar Lake Police Department, removed this matter on the basis of 28 U.S.C. § 1441.

This court, *sua sponte*, issued an Opinion and Order on July 21, 2008, discussing jurisdictional problems in this case and ordering the third-party defendants to file a jurisdictional statement. In response, Cedar Lake proposed that the third-party § 1983 complaint was removable under 28 U.S.C. § 1441(c) because it was properly joined with the counterclaim against Lakeshore and submitted a Motion for Leave to Amend the Notice of Removal to reflect that. Though conceding that third-party removal is contrary to the majority view and the clear view of the Seventh Circuit, Cedar Lake requested the court to retain jurisdiction over the "properly removed counter-claim and third-party action . . . and remand the original quiet title action" originally filed in this case.

## Discussion

The court has an "independent duty to satisfy itself that it has subject-matter jurisdiction." **Hammes v. AAMCO Transmission, Inc.**, 33 F.3d 774, 778 (7th Cir. 1994); **Wisconsin Knife Works v. National Metal Crafters**, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").

A third-party claim can be removed, under the statutory subsection of 28 U.S.C. § 1441 permitting removal of entire case, only when a separate and independent claim falling under the

3

district court's federal question jurisdiction is joined with one or more otherwise nonremovable claims. *Starr v. Prairie Harbor Development Co., Inc.*, 900 F.Supp. 230, 232 (E.D. Wis. 1995). Only subsection (c) provides a basis for removing a case that has both removable and non-removable claims:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case *may* be removed and the district court *may* determine all issues therein, or, *in its discretion, may* remand all matters in which state law predominates. (emphasis added)

28 U.S.C. § 1441(c)

Even in these limited circumstances, the language of the rule is permissive and invokes the discretion of the court when confronted with third-party removal of a claim based on federal question jurisdiction. *See Starr*, 900 F.Supp. at 231 ("Some courts permit removal under § 1441(c), by a third-party defendant, of a separate and independent third-party claim which could be removed if sued on it alone. The district court may, however, exercise its discretion and remand all matters not otherwise within its original jurisdiction.")(*citing Coren v. Cardoza*, 139 F.R.D. 561, 564-65 (D. Mass. 1991)(*quoting* 1A *Moore's Federal Practice* ¶ 0.167[10], pp. 511-14).

Federal question jurisdiction under 28 U.S.C § 1331 is measured according to the allegations of a well-pleaded complaint. *See Adkins v. Illinois Central Railroad Company*, 326 F.3d 828, 835-36 (7th Cir. 2003)("If the plaintiff's well-pleaded

4

complaint is not based on a federal question, there is no §1331 jurisdiction.") This conclusion is not altered by the presence of alleged federal violations in the counterclaim or third-party claim. *See* **Adkins**, 326 F.3d at 836 *(quoting **Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc**.,* 535 U.S. 826, 832, 122 S.Ct. 1889, 1894, 153 L.Ed.2d 13 (2002)("To allow even a compulsory counterclaim (which arguably presented a stronger case for jurisdiction than a permissive counterclaim or a permissive third-party action like the one before us) to govern jurisdiction would potentially defeat the plaintiff's choice of forum and 'radically expand the class of removable cases.'"). *See also* 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3731, pp. 254-55 (3d ed.1998).

The issue of removal of such claims is fairly settled in the Seventh Circuit, with Judge Richard Posner stating clearly that "in the broad run of third-party cases . . . the third-party defendant cannot remove the case under section 1441(c)," allowing exceptions in narrow circumstances of cases involving the United States as third-party defendants. **Thomas v. Shelton**, 740 F.2d 478, 486-489 (7th Cir. 1984).

Here, there are deficiencies with both the jurisdiction under Section 1441(c) and the removal. The presence of a federal question exists (if at all) only in the counterclaim and so-called third-party claim. Neither serves as a basis for federal jurisdiction. Even under Section 1441(c), the court has discretion in allowing removal. The case at hand involves the intrin-

5

sically state law issues of a quiet title action and trespass disputes. Even the § 1983 claim appears in the pleadings to arise from requests to settle what is at its heart a property dispute between the parties. There is an irony to the parallels to this case: calling the police to settle a dispute over property lines is much like asking a federal court to settle a property claim. In its discretion, the court declines to exert its authority into what is intrinsically a state law cause of action. Both the lack of subject matter jurisdiction over the specific facts alleged in the counterclaim and third-party complaint and the fact of removal by the third-party defendant defeat this court's exercise of jurisdiction.

_____

For the foregoing reasons, the third-party defendants' Motion for Leave to Amend the Notice of Removal is **DENIED AS MOOT**. The court finds that the third-party defendants' Jurisdictional Statement fails to establish federal jurisdiction and **ORDERS** this cause **REMANDED** to state court.

ENTERED this 19th day of November, 2008

                                        s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge